MICHAEL A. LADRA, State Bar No. 64307 (mladra@wsgr.com)
JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
JULIE M. HOLLOWAY, State Bar No. 196942 (jholloway@wsgr.com)
ARIANA M. CHUNG-HAN, State Bar No. 197572 (achung@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*E-FILED 2/7/08*

Attorneys for Plaintiff
SANDISK CORPORATION

Mark D. Selwyn, State Bar No. 244180 (mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

James L. Quarles III, *pro hac vice* (james.quarles@wilmerhale.com)
James M. Dowd, *pro hac vice* (james.dowd@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorneys for Defendants
STMICROELECTRONICS, INC. and STMICROELECTRONICS N.V.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SanDisk Corporation, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STMICROELECTRONICS, INC., a Delaware corporation,<br>STMICROELECTRONICS N.V., a Dutch company, and DOES I to X, | Case No.: C 04-4379 JF<br>Related Case C 05-5021 JF<br><br>**STIPULATED CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER** |

**STIPULATED CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), plaintiff SanDisk Corporation ("SanDisk") and defendants STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively, "ST"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1. Information to be covered by this Protective Order shall include:

    (a) information designated as CONFIDENTIAL set forth in response to discovery requests made under Rules 31, 33, or 36, Fed. R. Civ. P.;

    (b) information designated as CONFIDENTIAL or set forth in any documents, things or premises made available for inspection or produced to the discovering party pursuant to discovery requests or a subpoena;

    (c) information designated as CONFIDENTIAL revealed during depositions upon oral or written examination under Rules 30 or 31, Fed. R. Civ. P.;

    (d) all other discovery taken pursuant to the Federal Rules of Civil Procedure and Civil Local Rules that is designated as CONFIDENTIAL.

2. The parties in this case shall mark responses, documents and things that constitute or contain Confidential Information with the following or equivalent legend:

CONFIDENTIAL

Such notation shall be placed on every page of each document designated, or if the entire document is to be treated as CONFIDENTIAL, such notation may be placed on the first page of the document with an indication that the CONFIDENTIAL designation applies to the entire document.

3. When a party produces files and records for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the initial inspection, all documents within the produced files shall be considered marked as "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

4.  Deposition transcripts shall be marked as CONFIDENTIAL until thirty (30) days after receipt of the deposition transcript by counsel for the witness. After said thirty-day period expires, the deposition transcript will be deemed CONFIDENTIAL if: (1) counsel marks the deposition transcript CONFIDENTIAL at the deposition and on the record; or (2) before the thirty (30) days have expired, the witness, his employer, or his counsel informs the deposing party in writing that Confidential Information of the witness or his employer is revealed in the transcript, and identifies in writing the portions of the transcript that disclose information that should be designated as CONFIDENTIAL. With respect to depositions of non-party witnesses and documents produced by a non-party, either ST, SanDisk, or the non-party may designate information or documents as CONFIDENTIAL, within thirty (30) days of receipt of the deposition transcript or upon production of documents by its counsel. Upon receipt of such notices, each party and non-party shall mark all copies of the deposition transcript or documents within its possession or control by placing the appropriate designation upon the cover of the transcript or on every page of the documents produced by the non-party, however, failure to so mark transcript copies or documents shall not alone be an actionable violation of this Order.

5.  Confidential Information

    (a) Definition of "CONFIDENTIAL." A party shall designate as CONFIDENTIAL those materials which that producing party in good faith believes constitute confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

    (c) All documents produced by any party in U.S. International Trade Commission investigation 337-TA-526 or 337-TA-560 and designated as "CONFIDENTIAL BUSINESS INFORMATION" shall be treated as if they were labeled CONFIDENTIAL under this Stipulated Confidentiality and Protective Order.

6.  Documents and things designated as CONFIDENTIAL shall be disclosed only to:

-3-

US1DOCS 6398289v1

(a) Counsel of record for ST, including Wilmer Cutler Pickering Hale and Dorr ("WilmerHale"), and Sidley, Austin, Brown & Wood LLP, and those attorneys, stenographic, clerical, and paralegal employees or outside copy or graphics services, whose duties and responsibilities require access to Confidential Information;

(b) Counsel of record for SanDisk, including Wilson Sonsini Goodrich and Rosati, P.C., and those attorneys' stenographic, clerical, and paralegal employees or outside copy or graphics services, whose duties and responsibilities require access to Confidential Information;

(c) Earle Thompson and Tanya de la Fuente Holland, in-house counsel for SanDisk, and stenographic, clerical, and paralegal employees of SanDisk, whose duties and responsibilities require access to Confidential Information;

(d) Steven Rose and Kevin Fillip, in-house counsel for ST, and stenographic, clerical, and paralegal employees of ST, whose duties and responsibilities require access to Confidential Information;

(e) Subject to the conditions set forth in paragraph 14, attorneys from Outside Law Firm Not of Record retained by the parties for purposes of this Litigation, who have each first signed an Undertaking in the form attached as Appendix C.

(f) Subject to the conditions set forth in paragraph 9, experts or consultants retained by the parties for purposes of this litigation, who have each first signed an Undertaking in the form attached as Appendix A, a copy of which shall be provided to the opposing party;

(g) The Court and members of the staff of the Court whose functions necessitate access to Confidential Information (with the legend of ¶10, or if presented orally, with due indication of the status as Confidential Information);

(h) Qualified court reporters, court interpreters, and translators taking testimony in the above-captioned proceeding, and their necessary stenographic, videographic and clerical personnel thereof, who have first signed an Undertaking in the form attached hereto as Appendix B, a copy of which shall be provided to the opposing party.

US1DOCS 6398289v1

7. Information designated as CONFIDENTIAL shall be used only by persons permitted access to it pursuant to paragraph 6 shall be used solely for purposes of this action or the action styled *SanDisk Corporation v. STMicroelectronics, Inc. and STMicroelectronics N.V., et al.*, Civil Action No. C 04-4379 JF and related case C 05-5021 JF and shall be used for no other purpose whatsoever, unless express permission is granted by the producing party or allowed by the Court.

8. A party desiring to have information designated as CONFIDENTIAL of another party disclosed to an expert or consultant shall first give written notice to the producing party by electronic mail and regular mail, who shall have five (5) business days after such notice is given to object in writing or to request in writing an additional five (5) business days to consider the matter. The party desiring to disclose information designated as CONFIDENTIAL to a proposed expert or consultant shall provide the curriculum vitae of the proposed expert or consultant and shall include the following information about the proposed expert or consultant in the written notice:

    a.    business address;

    b.    business title; and

    c.    any previous or current relationships that involve the design or development of any processes or products made or used by the parties.

No information designated as CONFIDENTIAL shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice. The objecting party's consent to the disclosure of information designated as CONFIDENTIAL to a proposed expert or consultant shall not unreasonably be withheld. A party objecting to disclosure of information designated as CONFIDENTIAL to the proposed expert or consultant shall state with particularity: (i) the ground(s) of such objection; and (ii) the categories of documents that the producing party objects to being disclosed to the expert or consultant during the foregoing notice. If after consideration of the objection, the party desiring to disclose information designated as CONFIDENTIAL to a proposed expert or consultant refuses to withdraw such an expert or consultant, that party shall

-5-

US1DOCS 6398289v1

provide notice to the objecting party; thereafter, the objecting party shall move the Court for a ruling on such objection within five (5) business days of receiving such notice. A failure to request a ruling within the five (5) business-day period shall operate as an approval.

9.  If a party desires to file a document containing information designated as CONFIDENTIAL, the filing party shall seek permission from the Court to file such document under seal pursuant to the procedure set forth in Civil Local Rule 79-5. Such document shall contain one of the following notations:

[FILED UNDER SEAL]

or

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

10. Should the need arise during the trial or any hearing in open Court for ST or SanDisk to cause information designated as CONFIDENTIAL of another party to be disclosed, it may do so only after appropriate *in camera* or other safeguards are requested of the Court; such as closing the courtroom or the exclusion of persons not subject to protective orders.

11. If information designated as CONFIDENTIAL is to be the subject of examination in deposition of nonparty witnesses not previously entitled to access thereto under paragraph 6, the following procedures shall apply. Information designated as CONFIDENTIAL shall not be provided to any such person without the producing party's consent during a deposition on the record or without permission by the Court. The party seeking to use the information designated as CONFIDENTIAL during a deposition shall obtain an Undertaking from the witness in the form attached as Appendix A. Neither consent nor an Undertaking is required if the witness is a current employee. Furthermore, neither consent nor an Undertaking is required if the face of the document indicates that it was written or received by the witness, or if the witness is a former employee or consultant of the producing party and the document designated as CONFIDENTIAL was created during the course of his or her employment or consultancy.

US1DOCS 6398289v1

12. The inadvertent or unintentional disclosure by the producing party of information that is CONFIDENTIAL either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed information that is CONFIDENTIAL, not designated as such pursuant to paragraphs 2 or 3, shall be designated as CONFIDENTIAL as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Should any information that is CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person and the information disclosed immediately to the party that designated the document as CONFIDENTIAL; (c) request such person to sign an Undertaking in the form of Appendix A hereto, and (d) retrieve all copies of documents containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the party designating the document or information as CONFIDENTIAL.

13. OUTSIDE COUNSEL NOT OF RECORD

(a) Prior to the disclosure of Confidential Information to a law firm that is not of record ("Outside Law Firm Not of Record"), the party seeking to disclose Confidential Information to an attorney from Outside Law Firm Not of Record must identify the Outside Law Firm Not of Record to the other parties by electronic mail and regular mail. The party whose Confidential Information will be disclosed ("Producing Party") to an attorney from Outside Law Firm Not of Record must consent to the Confidential Information being disclosed to Outside Law Firm Not of Record. Such consent shall not be unreasonably withheld or delayed. If the Producing Party objects to disclosure of its Confidential Information to the Outside Law Firm Not of Record, the Producing Party must do so within five (5) days after the Outside Law Firm

US1DOCS 6398289v1

Nor of Record is identified in writing to the Producing Party, or may request in writing up to an additional five (5) business days to consider the matter prior to disclosure. No information designated as CONFIDENTIAL shall be disclosed to any attorney from Outside Law Firm Not of Record until after the expiration of the foregoing notice. A party objecting to disclosure of information designated as CONFIDENTIAL to the proposed Outside Law Firm Not of Record shall state with particularity: (i) the ground(s) of such objection; and (ii) the categories of documents that the producing party objects to being disclosed to Outside Law Firm Not of Record during the foregoing notice. If after consideration of the objection, the party desiring to disclose information designated as CONFIDENTIAL to the proposed Outside Law Firm Not of Record refuses to withdraw the proposed law firm, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court for a ruling on such objection within five (5) days of receiving such notice. A failure to request a ruling within the five (5) day period shall operate as an approval.

(b) Before any attorney from Outside Law Firm Not of Record shall have access to Confidential Information, such attorney shall sign an Undertaking in the form attached as Appendix C to the parties, which shall be retained by the party employing same and which shall be made available to the opposing party.

(c) The parties agree that Outside Law Firm Not of Record and any attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form attached as Appendix C and who is or has been involved in any licensing efforts on behalf of any party to this litigation will not have access to materials that relate to license negotiations with other persons, including but not limited to license agreements. Any such licensing materials must be identified by the producing party as relating to license negotiations by marking the documents "LICENSE MATERIALS" and "CONFIDENTIAL";

(d) The parties agree that an attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form of Appendix C cannot be currently involved in the supervision of, or drafting or prosecution of patent applications on behalf of any of the parties or

-8-

US1DOCS 6398289v1

in the drafting or prosecution of patent applications relating to any of the technologies disclosed in the patents at issue in this Litigation.

(e) The parties agree that an attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form of Appendix C and who has access to Confidential Information will not become engaged in the supervision of, or drafting or prosecution of any patent applications on behalf of any party or in the drafting or prosecution of patent applications relating to any of the technologies disclosed in the patents at issue in this Litigation for a period of one year following the conclusion of this Litigation and 4:05cv44.

14. In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand. Making things available for inspection shall not, by itself, constitute a waiver by the producing party of any claim of confidentiality or any other right, but delivery of documents and things to a receiving party without any of the confidential designations shall constitute waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistaken delivery is thereafter promptly brought to the attention of the receiving party after discovery by the producing party. Upon such notice, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the producing party. This Protective Order shall not prevent ST or SanDisk from moving the Court for an order that information designated as CONFIDENTIAL of the other party is not, in fact, confidential. Prior to so moving, the party seeking to reclassify information designated as CONFIDENTIAL shall seek the producing party's agreement, the producing party shall have ten (10) days to respond to such request. In

connection with any such motion, the producing party shall have the burden of establishing before the Court that the material designated as CONFIDENTIAL was properly designated.

15. In the event any person or party having possession, custody or control of any information designated as CONFIDENTIAL receives a *subpoena* or other process or order to produce such information in another proceeding, such person or party shall notify in writing the producing party's attorneys of record of the documents sought by such *subpoena* or other process or order, shall furnish those attorneys of record with a copy of said *subpoena* or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the producing party. The party asserting the confidential treatment shall have the burden of defending against such *subpoena*, process or order. The person or party receiving the *subpoena* or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment has sought to obtain an order modifying or quashing it.

16. Within 90 days after conclusion of the above-captioned action and 4:05cv44 (including all appeals and further proceedings resulting therefrom), all copies of documents and things containing information designated as CONFIDENTIAL shall be returned to the producing party or shall be destroyed, with the exception of deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court that may be retained by the outside counsel identified in paragraphs 6(a)-6(b) who have appeared in this action for ST or SanDisk. Notwithstanding this provision, outside counsel identified in paragraphs 6(a)-6(b) who have appeared for ST or SanDisk are not required to delete information that may reside on their respective firm's electronic back-up systems which are over-written in the normal course of business. However, the outside firms who have appeared for ST or SanDisk agree that no CONFIDENTIAL information shall be retrieved from the electronic back-up systems after the conclusion of the above-captioned actions. Counsel for any party receiving documents or things designated as CONFIDENTIAL shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to

counsel for the producing party within ninety (90) days after conclusion of the above-captioned action.

17. This Protective Order shall survive the termination of this litigation.

18. A party may, on motion and for good cause shown, seek a modification of this Protective Order.

US1DOCS 6398289v1

AGREED:

*/s/ Gregory H. Lantier*
Mark D. Selwyn, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

James L. Quarles III, Esq.
James M. Dowd, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorneys for Defendants

STMICROELECTRONICS, INC.
and STMICROELECTRONICS N.V.


*/s/ Ryan R. Smith*
Michael A. Ladra, Esq.
James C. Yoon, Esq.
Julie M. Holloway, Esq.
Ariana M. Chung-Han, Esq.
WILSON, SONSINI, GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300


Attorneys for Plaintiff

SANDISK CORPORATION


SO ORDERED:

Dated  February 7 , 2008

Hon. ~~Jeremy Fogel~~ Richard Seeborg
United States ~~District Judge~~ Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SanDisk Corporation, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STMICROELECTRONICS, INC., a Delaware corporation, STMICROELECTRONICS N.V., a Dutch company, and DOES I to X, | Case No.: C 04-4379 JF<br>Related Case C 05-5021 JF<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT** |

**APPENDIX A – UNDERTAKING OF EXPERTS OR CONSULTANTS RE PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
Date: _____

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SanDisk Corporation, a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>STMICROELECTRONICS, INC., a Delaware corporation, STMICROELECTRONICS N.V., a Dutch company, and DOES I to X, | Case No.: C 04-4379 JF<br>Related Case C 05-5021 JF<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT** |

## APPENDIX B – UNDERTAKING OF REPORTER OR STENOGRAPHER RE PROTECTIVE ORDER

　　　　I, _____, declare that:

1.　　I will not divulge any information communicated to me in any confidential portion of the above-captioned proceeding, except as permitted by the Protective Order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with any official duties in this case.

2.　　I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case,

3.　　I also affirm that I do not hold any position or official relationship with any of the parties in the action.

4.　　I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

　　　　I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
Date: _____

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SanDisk Corporation, a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>STMICROELECTRONICS, INC., a Delaware corporation, STMICROELECTRONICS N.V., a Dutch company, and DOES I to X, | Case No.: C 04-4379 JF<br>Related Case C 05-5021 JF<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT** |

## APPENDIX C - UNDERTAKING OF OUTSIDE COUNSEL NOT OF RECORD

I, _____, declare that:

1. My address is I am an attorney at _____

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I have/have not been involved in licensing efforts on behalf of any party to this litigation.

4. I represent that I am not currently involved in the supervision of, drafting or prosecution of any patent applications on behalf of any of the parties in this action.

5. I have read the patents at issue in this action and can represent that I am not currently involved in the drafting or prosecution of any patent applications that relate to the technologies disclosed in the patents at issue in this action.

6. I agree that I will not engage in the drafting or prosecution of any patent applications on behalf of any of the parties in this action or in the drafting or prosecution of any patent applications that relate to the technology disclosed in the patents at issue in this action for a period of one year following the conclusion of this action and the lawsuit styled *SanDisk Corporation v. STMicroelectronics, Inc. and STMicroelectronics N.V., et al.*, Civil Action No. C 04-4379 JF and related case C 05-5021 JF

7.   I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone nor qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL that is disclosed to me.

8.   Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

9.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date:

I, Ryan R. Smith, am the ECF User whose identification and password are being used to file this STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER. In compliance with General Order 45.X.B, I hereby attest that Gregory H. Lantier concurred in this filing.

Dated: February 7, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Ryan R. Smith
     Ryan R. Smith

Attorneys for Plaintiff
SANDISK CORPORATION

-3-

US1DOCS 6398289v1