**E-Filed 5/19/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDISK CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STMICROELECTRONICS, INC., a Delaware corporation, and STMICROELECTRONICS N.V., a Dutch company,<br><br>　　　　　　Defendants. | Case Number C 04-4379 JF (RS)<br><br>**ORDER[1] GRANTING DEFENDANT'S MOTION TO BIFURCATE AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>[re: docket nos. 284, 286] |

## I. BACKGROUND

On October 15, 2004, SanDisk Corporation ("SanDisk") filed the instant action against STMicroelectronics Inc. ("ST"), alleging infringement by ST of U.S. Patent No. 5,172,338 ("the '338 patent") and challenging the validity of fourteen patents owned by ST. On January 4, 2005, the Court stayed the action pending a final determination by the International Trade Commission ("ITC") in an ongoing investigation regarding the '338 patent ("526 Investigation"). On December 6, 2005, SanDisk filed a related action asserting U.S. Patent No. 5,991,517 ("the '517

---

[1] This disposition is not designated for publication in the official reports.

patent") against ST.[2] On January 26, 2006, the Court stayed the related action pending the result of an ITC investigation involving the '517 patent ("560 Investigation"). On June 29, 2007, the Court lifted the stay as to both cases and ordered their consolidation.

On August 2, 2007, SanDisk filed the operative second amended complaint ("SAC") in the consolidated action. On September 6, 2007, ST filed its answer and counterclaims, including *inter alia* a *Walker Process* counterclaim[3] alleging that SanDisk committed fraud on the United States Patent and Trademark Office ("USPTO"), and that the consolidated action constitutes sham litigation in violation of Section 2 of the Sherman Act. On October 19, 2007, SanDisk moved for summary judgment with respect to ST's counterclaims. On December 20, 2007, the Court stayed discovery pending resolution of SanDisk's motion and in light of continuing proceedings before the ITC. On October 17, 2008, the Court granted SanDisk's motion for summary judgment as to ST's counterclaims alleging sham litigation and unfair competition but denied the motion as to ST's counterclaim of fraud on the USPTO.

Now before the Court are: (1) ST's motion to bifurcate the trial of its *Walker Process* counterclaim and inequitable conduct defense from the trial of SanDisk's infringement claim; and (2) SanDisk's motion for leave to amend the SAC to include new claims that ST infringes U.S. patents Nos. 7,266,017 ("the '017 patent) and 7,283,397 ("the '397 patent").

## II.  THE PATENTS

**A. '338 Patent**

The '338 patent was filed on April 11, 1990 and issued on December 15, 1992. According to its abstract, the '338 patent describes "[i]mprovements in the circuits and techniques for read, write and erase of EEprom memory [that] enable non-volatile multi-state memory to operate with enhanced performance over an extended period of time." '338 patent

---

[2] Case No. C 05-5021 JF (RS).

[3] A *Walker Process* counterclaim is a claim that the patentee violated the antitrust laws by obtaining patents through fraud on the United States Patent and Trademark Office and then asserting those patents to exclude competitors from the marketplace. *See Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965).

abstract.

**B. '517 Patent**

The '517 patent was filed on December 30, 1996 and issued on November 23, 1999. The '517 patent also relates to EEprom technology, and it discloses a "system of Flash EEprom memory chips with controlling circuits [that] serves as non-volatile memory such as that provided by magnetic disk drives." '517 patent abstract.

**C. '017 and '397 Patents**

The '017 patent was filed on May 30, 2001 and issued on September 7, 2007. The '397 patent was filed on November 7, 2002 and issued on October 16, 2007. Both the '017 and '397 patents expired on April 13, 2008. The '017 and '397 patents have the same specification as the '517 patent and assert claims that are similar in scope to those of the '338 and '517 patents. The four patents have two co-inventors in common, Eliyahou Harari and Sanjay Mehrotra.

### III. BIFURCATION

The Court may order a separate trial of any separate issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." FED. R. CIV. P. 42(b). Factors to be considered when deciding whether to bifurcate a trial include: complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994). Bifurcation should be ordered only when the separation will result in judicial economy and will not unduly prejudice any party. *Id.* at 865.

ST asks the Court to resolve its *Walker Process* fraud claim and inequitable conduct defense before the trial of SanDisk's patent infringement claim. ST argues that bifurcation will promote a just and final disposition of the litigation and efficient use of judicial resources because once it succeeds in proving that SanDisk has committed either *Walker Process* fraud or inequitable conduct, SanDisk's infringement claims will be moot. Def. Mot. at 3:18-25. ST notes correctly that bifurcation of inequitable conduct from patent infringement and validity claims is "precisely the type contemplated by Rule 42(b) and does not run afoul of the Seventh

3

Amendment." *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987); *see also Agfa Corp. v. Creo Products Inc.*, 451 F.3d 1366, 1371-73 (Fed. Cir. 2006) (upholding district court's bifurcation of validity and inequitable conduct).  Moreover, there is a reasonable argument that ST's *Walker Process* claim and inequitable conduct defense should be tried together because while *Walker Process* and inequitable conduct "provide alternative legal grounds on which a patentee may be stripped of its immunity from the antitrust laws," "both legal theories may be applied to the same conduct." *Nobelpharma AB v. Implant Innovations, Inc.,* 141 F.3d 1059, 1071 (Fed. Cir. 1998).

Notwithstanding these advantages, it also appears that because of Seventh Amendment concerns judicial economy would not be served by trying the *Walker Process* claim before the infringement issues. *See In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986) (upholding district court's decision to try the patent issue before the antitrust claim because "convenience of all is served in trying the less complex patent issues first.").  When a jury decides the *Walker Process* fraud, the Seventh Amendment constrains a court's determination of inequitable conduct.[4]  *See Cabinet Vision v. Cabnetware*, 129 F.3d 595 (Fed. Cir. 1997).

Ultimately, however, just as a finding of inequitable conduct may moot SanDisk's patent infringement claim, a finding that SanDisk did *not* engage in inequitable conduct may moot ST's *Walker Process* claim, as "[a] finding of *Walker Process* fraud requires higher threshold showings of both intent and materiality than does a finding of inequitable conduct." *Nobelpharma AB*, 141 F.3d, 1071.  Accordingly, the Court concludes that convenience and judicial economy would be best served by trying the inequitable conduct defense first.

## IV.  LEAVE TO AMEND

A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires."  In deciding whether to grant leave to amend, a court considers several factors, including:  (1) undue delay by the party seeking

---

[4] At the hearing on April 16, 2009, neither party was willing to waive its right to a jury trial on any common factual issues shared by the inequitable conduct and *Walker Process* claims in the event that ST were to prevail in a bench trial on inequitable conduct.

the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

SanDisk admits that the '017 and '397 patents are very similar to the two patents-in-suit and that the amended complaint would assert all four patents against essentially the same ST products. *See* Pl. Mot. at 5. ("As stated previously, the '017 and '397 patents have the same specification, inventors, and priority date as the patents-in-suit and share many of the same claim terms. Likewise, the infringement analysis will be similar because SanDisk asserts both the '017 and '397 patents and the patents-in-suit against nearly all the same ST products."). In the parties' Joint Case Management filed June 19, 2007, SanDisk agreed that "[d]iscovery in [this case] has been extensive and is mostly complete, except for discovery relating to damages with respect to SanDisk's asserted patents and any isssues which ST may rasie by way of counterclaim, including damage discovery from SanDisk." *See* Docket No. 91. Under these circumstances, SanDisk could have filed its proposed amendment when the '017 and '397 patents were granted in late 2007. SanDisk does not explain its delay.

However, delay alone is an insufficient ground on which to deny a motion to amend; the crucial factor is the resulting prejudice to the opposing party. *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). A trial date has not been set in the instant case, and ST should be able to obtain additional time needed to defend against the additional patents. Morever, even if the Court were to deny SanDisk's motion for leave to amend, SanDisk still could bring a separate action against ST based upon the '017 and '397 patents, requiring ST to expend additional time and effort to defend itself. Accordingly, the motion for leave to amend will be granted.

5
Case No. CV 04-4379 JF (RS)
ORDER GRANTING MOTION TO BIFURCATE AND MOTION FOR LEAVE TO AMEND
(JFEX1)

## V.  ORDER

(1) ST's motion to bifurcate is GRANTED IN PART.  ST's inequitable conduct defense shall be tried to the Court at the parties' earliest convenience.  All discovery related to the remaining patent infringement and *Walker Process* claims is stayed pending resolution of the bifurcated issue; and

(2) SanDisk's the motion for leave to amend is GRANTED.  SanDisk shall e-file the proposed Third Amended Complaint submitted as Exhibit 1 to its motion.  ST shall file its answer to the Third Amended Complaint within twenty (20) days of the date this order is filed.

DATED: 5/19/2009

_____
JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

Anna Tin-Yee Lee   anna.lee@wilmerhale.com, arthur.coviello@wilmerhale.com, dina.summers@wilmerhale.com, patricia.taylor@wilmerhale.com

Ariana M. Chung-Han   achung@wsgr.com, mcarrillo@wsgr.com

Deborah Colella   deborah.colella@wilmerhale.com

Georgia Kloostra VanZanten   gvanzanten@sidley.com, eleiva@sidley.com

Gregory H. Lantier   gregory.lantier@wilmerhale.com

James Carl Otteson   jotteson@wsgr.com

James Chung-Yul Yoon   jyoon@wsgr.com, nfurino@wsgr.com, rpezzimenti@wsgr.com

James L. Quarles , III   james.quarles@wilmerhale.com

James M. Dowd   james.dowd@wilmerhale.com

Joseph R Baldwin   joseph.baldwin@wilmerhale.com

Julie M. Holloway   jholloway@wsgr.com, abaranski@wsgr.com, rpezzimenti@wsgr.com

Kevin C. Heffel   kevin.heffel@wilmerhale.com

Lisa Davis   ldavis@wsgr.com

Lisa Kim Anh Nguyen   lknguyen@wsgr.com

Mark Daniel Selwyn   mark.selwyn@wilmerhale.com, lorna.ejercito@wilmerhale.com

Matthew Laurence McCarthy   matthew.mccarthy@usdoj.gov, Marina.Ponomarchuk@usdoj.gov

Michael A. Ladra   mladra@wsgr.com

Nina S. Tallon   nina.tallon@wilmerhale.com

Russell L. Johnson   rljohnson@sidley.com, sheila.brown@sidley.com

Ryan R. Smith   rsmith@wsgr.com, tnero@wsgr.com

Tracey Cote Allen   Tracey.Allen@WilmerHale.com

Case No. CV 04-4379 JF (RS)
ORDER GRANTING MOTION TO BIFURCATE AND MOTION FOR LEAVE TO AMEND
(JFEX1)